[Cite as *State v. Fletcher*, 2020-Ohio-4672.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TYRESE D. FLETCHER

    Appellant

C.A. No.     29546

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 18 10 3408

DECISION AND JOURNAL ENTRY

Dated: September 30, 2020

CARR, Presiding Judge.

{¶1} Appellant, Tyrese D. Fletcher, appeals the judgment of the Summit County Court of Common Pleas denying his motion to suppress. This Court affirms.

I.

{¶2} This matter arises out of an alleged misidentification during a surveillance operation that occurred in Akron, Ohio, on September 26, 2018. At approximately 3:00 p.m., law enforcement mistook Fletcher for M.F., a man who had an outstanding arrest warrant for receiving stolen property and violating his probation, and who was wanted in connection to a robbery and a shooting. When officers approached Fletcher, they immediately smelled the odor of marijuana on his person. The officers conducted a search and found that Fletcher was in possession of drugs.

{¶3} One month later, the Summit County Grand Jury returned an indictment charging Fletcher with six offenses. Fletcher was charged with one count of trafficking in cocaine and one count of trafficking in marijuana. Both trafficking charges contained forfeiture specifications.

Fletcher was also charged with one count of possession of cocaine, one count of possession of marijuana, one count of carrying a concealed weapon, and one count of resisting arrest. Fletcher pleaded not guilty to the charges at arraignment.

{¶4} Fletcher filed a motion to suppress all of the evidence discovered during to the search, arguing that law enforcement did not have a valid basis to stop him. The trial court held a hearing on the motion. The trial court later issued a journal entry denying Fletcher's motion.

{¶5} Fletcher ultimately pleaded no contest to the indictment. After finding that several of the offenses were allied offenses of similar import, the trial court imposed a total prison sentence of four years. The trial court further ordered that Fletcher forfeit $526.

{¶6} Fletcher filed a timely notice of appeal and raises one assignment of error.

## II.

## **ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FINDING THE POLICE ACTED IN GOOD FAITH IN ERRONEOUSLY STOPPING AND DETAINING APPELLANT AS THE SUBJECT OF AN ARREST WARRANT[.]

{¶7} In his sole assignment of error, Fletcher contends that the trial court erred in denying his motion to suppress. Specifically, Fletcher contends that the evidence presented by the State at the suppression hearing failed to demonstrate that the police acted in good faith when they misidentified Fletcher as the subject of the arrest warrant, M.F. This Court disagrees.

{¶8} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are

supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶9} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution require probable cause to conduct a search or seizure. "[T]he Fourth Amendment has been interpreted to mean that probable cause must be determined by a neutral and detached magistrate rather than by an official of the executive branch whose duty is to enforce the law, to investigate, and to prosecute." *State v Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795, ¶ 12, citing *Coolidge v. New Hampshire*, 403 U.S. 443, 450 (1971).

{¶10} The exclusionary rule is intended to deter unlawful searches and seizures by law enforcement. *See United States v. Leon*, 468 U.S. 897, 916 (1984); *Illinois v. Gates*, 462 U.S. 213, 263 (1983) (White, J., concurring in the judgment). Notably, the exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." *United States v. Calandra*, 414 U.S. 338, 348 (1974). The exclusionary rule's remedy of suppression is not appropriate where, under the totality of the circumstances, an objective analysis leads to the conclusion that the officer acted in good faith when detaining a suspect. *Hoffman* at ¶ 29, citing *Leon* at 918-923, 926. Thus, an exception to the exclusionary rule exists under circumstances where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Hoffman* at ¶ 31, quoting *Leon* at 920.

> Execution of a valid warrant does not require any indicia of criminal activity * * *. It requires only an objectively reasonable belief that the person whom the officer seizes is the subject named in the warrant. When the subject of an arrest warrant is not known personally by the officer who executes the warrant, the issue presented

is whether the officer's conduct in identifying the subject in order to execute the warrant is objectively reasonable.

(Internal citation omitted.) *State v. Williams*, 2d Dist. Montgomery No. 18710, 2001 WL 1142663, *3 (Sept. 28, 2001)

{¶11}  The State called one witness at the suppression hearing.  The State also presented multiple exhibits that were admitted into evidence, including a suspect detail sheet relating to M.F. Fletcher did not call any witnesses but he did present several exhibits, including the arrest warrant for M.F.  In its journal entry denying the motion to suppress, the trial court found the testimony of Officer Troy Meech to be credible and made the following factual findings.

{¶12}  On the afternoon of September 26, 2018, Officer Meech was working pursuant to an assignment with the U.S. Marshal Northern Ohio Violent Fugitive Task Force ("the Task Force").  The Task Force was conducting surveillance on Dawes Street in Akron with the aim of apprehending M.F., a man wanted in connection with a robbery and a shooting.  Officer Meech was notified that the incident occurred near 103 Dawes Street and that M.F. might be residing at an apartment located at 115 Dawes Street.  Officer Meech received a bulletin containing a picture of M.F.  M.F. was listed at 5'11 and depicted as "a younger black male with a slight afro, medium complected, and a little heavier."  Officer Meech testified that there was an active arrest warrant for M.F. for receiving stolen property and a probation violation.

{¶13}  Officer Meech positioned his vehicle so that he would have a clear view of Dawes Street.  The trial court found that "Officer Meech observed a male matching the description of [M.F.] walk out from behind 104 Dawes Street.  * * * [T]he individual had a similar build, height, haircut and baby face to [M.F.]  Officer Meech did not notice that the individual was a little lighter

complected than [M.F.] but testified that he still believed that the individual was [M.F.]"[1] At the hearing, Officer Meech explained that complexions can change depending on the time of year. Believing that he had spotted M.F., Officer Meech directed his partners to stop the individual.[2] A second officer approached the man. Officer Meech approached just after another officer obtained the individual's identification and learned that the man they had stopped was Fletcher.

{¶14} The officers smelled a strong odor of marijuana emanating from Fletcher's person and ultimately decided to conduct a search. The aforementioned criminal charges stemmed from the results of that search.

{¶15} In denying Fletcher's motion to suppress, the trial court found that the purpose of the stop was to effectuate the arrest warrant for M.F. and, further, that law enforcement acted in good faith based on a reasonable belief that Fletcher was M.F.

{¶16} On appeal, Fletcher does not challenge anything that occurred after the initial stop. Instead, Fletcher contends that the good faith exception is not applicable to the stop in this case because the misidentification of Fletcher as M.F. was not objectively reasonable under the totality of the circumstances. Fletcher emphasizes that he is shorter than M.F., weighs less than M.F., and has a lighter complexion than M.F. Fletcher further stresses that the misidentification occurred during the daylight hours so there were no visibility concerns and that Officer Meech had access to a photograph of M.F. at the time the misidentification occurred.

---

[1] At the suppression hearing, Officer Meech testified that while he knew M.F. was 5'11 and a little heavier, he did not know M.F.'s exact weight on the date of the incident. During cross-examination of Officer Meech, Fletcher introduced the arrest warrant for M.F., which indicated that he weighed 235 pounds. Fletcher also introduced the Ohio Uniform Incident Report, which listed Fletcher at 5'8 and 210 pounds.

[2] Officer Meech testified that he was approximately 100 yards away when he made the identification.

{¶17} Upon a review of the record, we cannot conclude that the trial court erred in denying the motion to suppress. Officer Meech spotted Fletcher in the area listed in the bulletin. At the hearing, Officer Meech testified that the misidentification occurred in part because Fletcher and M.F. have similar builds and, at the time of the incident, had very similar hairstyles. Officer Meech further testified that both men were "a little chubby in the face." We are not persuaded that the differences in the height and weight of the two men renders the misidentification objectively unreasonable as both men were under 6'0 tall, though not extremely short, and both men were slightly on the heavier side. The fact that both men sported a similar hairstyle and had similar facial features also supports the conclusion that the misidentification was objectively reasonable. The reasonableness of the aforementioned observations would not be impacted by the time of day or the fact that Officer Meech had a photograph of Fletcher. While Officer Meech acknowledged that Fletcher was "a little lighter complected" than M.F., Officer Meech further noted that it was September and that one's complexion can change depending on the time of year. As noted above, the trial court found Officer's Meech's testimony to be credible. The trial court assumes the role of trier of fact in ruling on a motion to suppress and is in the best position to resolve factual disputes and issues relating to credibility. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Under these circumstances, we cannot conclude that Officer Meech's conduct in identifying the subject was objectively unreasonable, and thus not in good faith.

{¶18} Fletcher's assignment of error is overruled

III.

{¶19} Fletcher's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
HENSAL, J.
CONCUR.


APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.